**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-4744**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID KEITH STOVER, JR.,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:16-cr-00030-IMK-MJA-1)

———————————

Submitted: March 14, 2017        Decided: March 16, 2017

———————————

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia; Kristen M. Leddy, Research & Writing Specialist, FEDERAL PUBLIC DEFENDER OFFICE, Martinsburg, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Keith Stover, Jr., pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court downwardly departed from the advisory Sentencing Guidelines range and sentenced Stover to 36 months' imprisonment. On appeal, Stover contends that the court erred in failing to grant a downward adjustment for acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 (2016). We affirm.

Because Stover did not object to the court's decision not to grant the acceptance-of-responsibility reduction, our review is for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (describing plain error review). Under the Guidelines, a defendant is eligible for a reduction of his offense level if he "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1. When determining whether a defendant is deserving of the acceptance-of-responsibility reduction, a court considers, among other factors, whether the defendant voluntarily terminated or withdrew from criminal conduct. USSG § 3E1.1 cmt. n.1(B); see United States v. Dugger, 485 F.3d 236, 240 (4th Cir. 2007) ("The decision to grant an acceptance-of-responsibility reduction often depends on the actions of the defendant following his or her arrest or plea.").

Here, Stover did not terminate or withdraw from criminal conduct after his arrest. Instead, he twice drove with a revoked license, once while intoxicated. Stover avers that a reduction for acceptance of responsibility was nevertheless warranted because this new criminal conduct was unrelated to the offense conduct. We have never adopted such a rule, and we decline to recognize one here. The court warned Stover that engaging in any additional criminal conduct while on pretrial release would disqualify him for the acceptance-of-responsibility reduction. Under these circumstances, we conclude that the district court did not plainly err in declining to grant the reduction.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>